SHIRLEY HOLCROFT;
SAM V. CABRERA
9066 E. Grandview Drive
Mesa, Arizona 85207
Tel  760-954-0605

In Pro Se

FILED ____ LODGED
____ RECEIVED ____ COPY

MAR 1 7 2016

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| SHIRLEY HOLCROFT;<br>SAM V. CABRERA,<br><br>                   Plaintiffs,<br><br>    vs.<br><br>PACIFIC GAS AND ELECTRIC<br>COMPANY (PG&E), a California<br>corporation, and DOE 1 through<br>100, inclusive,<br><br>              Defendants. | Case No:    CV-16-00725-PHX-ESW<br><br>COMPLAINT FOR:<br>1.  CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS AND VIOLATION OF CONSTITUTIONAL RIGHTS, PURSUANT TO (42 U.S.C. §1985(3)); (42 U.S.C. §1983);<br>2.  CONSPIRACY TO VIOLATE U.S. SAFE DRINKING WATER ACT, PURSUANT TO (42 U.S.C. §300h. [SDWA §1421]; (42 U.S.C. §300h-2. [SDWA §1423]; (42 U.S.C. §300h-6. [SDWA §1427] SOLE SOURCE AQUIFER;<br>3.  CONSPIRACY TO HINDER CIVIL ACTION AND FRAUDULENT CONCEALMENT OF FACTS, VIOLATIONS PURSUANT TO (42 U.S.C. §300j-8. [SDWA §1449]<br>4.  CONSPIRACY TO DEPRIVE AND TAKE AWAY LIFE, LIBERTY AND PROPERTY WITHOUT DUE PROCESS OF LAW, PURSUANT TO (42 U.S.C. §1986);<br>5.  ECONOMIC AND NON-ECONOMIC DAMAGES DUE TO VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS, PURSUANT TO  (42 U.S.C. §1983); (42 U.S.C. §1985(3)); (42 U.S.C.  §300h [SDWA §1421]; (42 U.S.C. §300h-2. [SDWA §1423]; (42 U.S.C.  §300h-6. [SDWA §1427]; (42 U.S.C. §300j-8.; [SDWA §1449]; (42 U.S.C. §1986);<br><br>DECLARATORY AND INJUNCTIVE RELIEF DEMANDED;<br><br>JURY TRIAL DEMANDED |

-1-

COMPLAINT

INTRODUCTION

1. This action arises from intertwined relationships that lead to the alleged conspiracy. The Supreme Court has decided many cases involving the issue of when a private person is sufficiently intertwined with the state to have acted under color of law. (Corporation is a private person.) [The Defendant Pacific Gas and Electric Company, hereinafter "PG&E", is private person in this action].

2. The Supreme Court has articulated the following "standard": "the link between the private person and the government must be obvious". This action discloses such obvious and conspiratorial links.

3. In the commercial litigation context, however, the Supreme Court has required fewer ties to state when determining whether a private person acted under color of law that lead to private conspiracy.

4. Determining whether a private person acted jointly or was intertwined with a state actor thus requires analysis of all the links between the private person and the state, disclosed by this action.

5. The due process clause of the Fourteenth Amendment encompasses three kinds of federal claims enforceable through 42 U.S.C. § 1983: (1) claims for the deprivation of certain specific rights and made applicable to the states through incorporation; (2) claims under the substantive component of the due process clause "that bars certain arbitrary, wrongful government actions, 'regardless of the fairness of the procedures used to implement them'"; and (3) claims under the procedural component of the due process clause that prohibits the deprivation of life, liberty, or property without fair procedure. Companion claim is pursuant to (42 U.S.C. §1985(3)).

6. When a plaintiff asserts the violation of a right specifically protected under the substantive component of the due process clause, the violation is complete at the time of the challenged conduct and the § 1983 remedy is available regardless of remedies provided under state law.

7. In addition to these Fourteenth Amendment rights, a violation of the dormant commerce clause is actionable under § 1983. Companion claim is pursuant to (42 U.S.C. §300j-8. [SDWA §1449].

8. 42 U.S.C. § 1985(3) provides citizens with a cause of action against private conspiracies to violate constitutional rights. No state action prerequisite exists for such lawsuits. However, a paradox occurs when the citizen seeks to use this remedy to vindicate the fourteenth amendment right to equal protection of the laws because such rights do not exist in the absence of state involvement.

**Private conspiracy between local, federal, state employees and PG&E were under the color of law.**

-2-

COMPLAINT

9. Actionable are other private conspiracy, as alleged in this complaint, between PG&E and the state of California employees from Lahontan Regional Water Quality Control Board, United States government's employee from United States Geological Survey (USGS), and local government's employee from the County of San Bernardino Department of Environmental Health, all under the color of law. Such acts, as alleged in this complaint, did resulted in the unjust enrichment of those employees at the expense of suffered by the Plaintiffs' massive economic and non-economic (health) damages. Furthermore such acts, as alleged in this complaint, were due to the accepted bribery by those employees from PG&E, which acts are further and distinctively alleged as felonious. Such acts, in the cumulative, as alleged in this complaint, are all based upon huge evidentiary exhibits, (thousands of pages (incriminating papers (Volumes))), to be presented to this court and handed to the jury by this court, (jury trial demanded by Plaintiffs), that resulted in massive violations of the U.S. Safe Drinking Water Act, pursuant to (42 U.S.C. §300h. [SDWA §1421]; (42 U.S.C. §300h-2. [SDWA §1423]; (42 U.S.C. §300h-6. [SDWA §1427] SOLE SOURCE AQUIFER, (aquifer construed as public source of water supply, containing ground drinking water, and for all other intensive purposes, containing potable ground water). By virtue of the foregoing, Defendant PG&E and all six of those employees from the federal, state and local governments, conspired for the purpose of depriving Plaintiffs of equal protection of the law and for the purpose of preventing and hindering the constituted authorities from giving and securing to Plaintiffs equal protection of the law and deprivation of life, liberty and property without due process of law. Defendants and each of them, did and caused to be done, an act, or acts in furtherance of the object of the conspiracy, whereby Plaintiffs were deprived of the inherent rights and privileges.

10. Actionable is another private conspiracy, as alleged in this complaint, to hinder civil action and particularly as a primary cause of action in this complaint, the alleged concealment of facts, violations pursuant to (42 U.S.C. §300j-8. [SDWA §1449]. All, as alleged, unscrupulous attempts were made to virtually kill the Case No. CIVDS1413759 filed on 10/07/2014 in the California Superior Court County of San Bernardino, that resulted in subsequently granted to the Plaintiffs of this case voluntary dismissal without prejudice, reluctantly thereafter peremptory challenge filed, based upon alleged biased, in addition to complaint against PG&E's attorney before Cal/Bar, for ploy to kill that case.

-3-

COMPLAINT

11. Actionable is another private conspiracy pursuant to (42 U.S.C. § 1986), as alleged in this complaint, an act of bribery by Defendant PG&E, under the disguise that three and half million dollars paid by PG&E to California Lahontan Regional Water Quality Control Board, hereinafter the "Water Board", is for purported report by John Izbicki, a U.S. employee from USGS, causing the unscrupulous wrongful act committed by the Water Board of not only neglect to prevent but refusal to prevent the discovery of poisoned aquifers with the PG&E's byproducts Arsenic and Uranium, a highly toxic and deadly chemicals in the ground drinking water, not only beneath the aquifer beneath the Plaintiffs' real property located in Hinkley, CA 92347, but virtually in all aquifers beneath said town.

**Committing Massive Civil Rights Violations To Block Exposing High-Level Corruption.**

The companion Title 42 U.S.C § 1985, Conspiracy to interfere with civil rights, is Felony to Interfere With Civil Rights. " (42 U.S.C. § 1986) provides that every person who has knowledge that a wrongful act is about to be committed and having the power to prevent the commission of such wrong neglects or refuses so to do, is liable to the party injured for all damages caused by the wrongful act". "The defendant in a § 1986 action need not have participated in the conspiracy or the commission of the act". "The defendant, however, must have had actual knowledge of the conspiracy". "Mere negligence to act on the part of the defendant will be sufficient to attach liability under § 1986". Wherefore, the alleged private conspiracy by PG&E, due to the intertwined relationship between PG&E and the Water Board, has caused virtually taking away life (Plaintiff Sam V. Cabrera is recently scheduled for surgery and believe that is near death, as a direct result of being poisoned with Arsenic, the byproduct of PG&E's operations), as well as taking away the Plaintiffs liberty and property, not limited to appurtenant to real property allocated ten acre feet of ground drinking water, and as to all such acts in the cumulative, takings without due process of law.

12. The Economic and non-economic (health injuries) damages suffered by the Plaintiffs, in the amount of $ 4,500,000.00 are as a direct result and due to violations of civil and constitutional rights, pursuant to the alleged private conspiracy (42 U.S.C. §1983); (42 U.S.C. §1985(3)); (42 U.S.C. §300h [SDWA §1421]; (42 U.S.C. §300h-2. [SDWA §1423]; (42 U.S.C. §300h-6. [SDWA §1427]; (42 U.S.C. §300j-8.; [SDWA §1449]; (42 U.S.C. §1986); and therefore such private conspiracy, damages suffered based upon myriad of evidentiary exhibits, must be reviewed and decided by the jury.

-4-

COMPLAINT

13. Actionable is the demand for Declaratory and Injunctive Relief, restraining the Defendants to further commit private conspiracy, not only pursuant to (42 U.S.C. §1985(3)); (42 U.S.C. §300h. [SDWA §1421]; (42 U.S.C. §300h-2. [SDWA §1423]; (42 U.S.C. §300h-6. [SDWA §1427] SOLE SOURCE AQUIFER; (42 U.S.C. §300j-8. [SDWA §1449]; and (42 U.S.C. §1986), but triggering United States Attorney General, U.S. Department of Justice, to commence criminal action against Defendants for enticing with bribery money the Government employee, (18 U.S. Code § 371) – Conspiracy to commit offense or to defraud United States.

14. Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, directors, members, assigns, principals, trustees, sureties, subrogees, representatives, insurers of Defendants named and DOES 1-100, inclusive, not limited to all accomplices and all acting in concert with the Defendants, all acting as contractors and subcontractors of the Defendants, all engineering companies acting on behalf of the Defendants, all DOES that had exhibited deception, all DOES that had exhibited acts of shielding the Defendants from investigation and prosecution, all DOES exhibiting propaganda's acts in favor of all Defendants that is highly prejudicial to the Plaintiffs and all of DOES attempting to kill this Complaint by any means.

### JURISDICTION AND VENUE

15. This court can exercise original jurisdiction in several ways. First, it can exercise diversity jurisdiction, pursuant to (28 U.S.C. § 1332), over cases in which the amount in controversy is greater than $75,000 and complete diversity exists between all the plaintiffs and all the defendants. Second, this court can exercise federal question jurisdiction over claims arising under the Constitution, treaties or laws of the United States. (28 U.S.C. § 1331). Third court can exercise jurisdiction pursuant to (28 U.S.C. § 1343 (a)(3) and 42 U.S.C. § 1983, Personal Jurisdiction, based upon "sufficient minimum contacts in which the out-of-state defendants, the named herein this Complaint Defendants, should have known that their acts would likely make them have to defend a suit in the U.S. District Courts. Since November 2015, thousands pages of papers were transmitted to the Defendants, clearly identifying the Plaintiffs' address in Arizona, thus more than sufficient minimum contacts. Fourth, this court can exercise jurisdiction pursuant to (28 U.S.C. § 1331); (28 U.S.C. § 1343); (4); (28 U.S.C. § 1367); (15 U.S.C. § 1681); (42 U.S.C. § 1331);

-5-

COMPLAINT

16. Venue lies in the Phoenix Division of the United States District Court for the District of Arizona pursuant to (28 U.S.C. § 13919(b) because Plaintiffs are Maricopa County, State of Arizona residents and Defendants are subject to personal, diversity, and conduct business with domicile in the State of California, a California corporation. Plaintiffs had no other alternative, due to being near death, being poisoned with the PG&E's byproduct Arsenic found in excessive concentration, over the legal limit, in the ground drinking water beneath their residence in Hinkley, CA 92347, causing their evacuation several months ago, from their home located in now virtually a ghost town, Hinkley.

### PARTIES

17. Plaintiffs are natural persons, domicile in Maricopa County, State of Arizona. Plaintiff Sam V. Cabrera is to undergo surgery and is extremely ill, virtually near death, and Plaintiff Shirley Holcroft is also scheduled for medical examinations, is also very ill, and as to both Plaintiffs, assistance to bring them to this court is needed by their spokesperson (assistant is not a legal counsel).

18. Defendant PG&E is a California corporation, with only domicile in the State of California.

19. DOES 1-100, are fictitious names of persons, companies, all of DOES that had anything to do with wrongful acts committed by PG&E, and local, state of California and Federal Government employs.

### NATURE OF THE ACTION

20. This is an action for economic and non-economic (health) damages, in the cumulative sum of **$ 4,500,000.00** resulted therefrom violations committed by the Defendants of federal laws, constitutional amendments and statutes, more specifically, violations pursuant to:

1. CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS AND VIOLATION OF CONSTITUTIONAL RIGHTS, (42 U.S.C. §1985(3)); (42 U.S.C. §1983); 2. CONSPIRACY TO VIOLATE U.S. SAFE DRINKING WATER ACT, (42 U.S.C. §300h. [SDWA §1421]; (42 U.S.C. §300h-2. [SDWA §1423]; (42 U.S.C. §300h-6. [SDWA §1427] SOLE SOURCE AQUIFER; 3. CONSPIRACY TO HINDER CIVIL ACTION AND FRAUDULENT CONCEALMENT OF FACTS, (42 U.S.C. §300j-8. [SDWA §1449] 4. CONSPIRACY TO DEPRIVE AND TAKE AWAY LIFE, LIBERTY AND PROPERTY WITHOUT DUE PROCESS OF LAW, (42 U.S.C. §1986); AND DEMAND FOR DECLARATORY AND INJUNCTIVE RELIEF. TRIAL BY JURY DEMANDED.

COMPLAINT

## FIRST CAUSE OF ACTION

## CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS AND VIOLATION OF CONSTITUTIONAL RIGHTS, PURSUANT TO (42 U.S.C. §1985(3)); (42 U.S.C. §1983)

21. Plaintiffs hereby repeats, re-pleads, reallege, and incorporates by reference all of the above paragraphs of this Complaint as thought fully stated herein.

22. Plaintiffs asserts that they have in their possession Volume of evidentiary exhibits in support thereof all allegations, available at any time and prior to trial, or at discovery stage, for review by this court.

23. The foregoing acts of the Defendants constitute numerous and multiple willful, reckless, gross negligent, intentional gross negligent, conspiratorial thus felonious violations, pursuant to (42 U.S.C. §1985(3).

24. As a result of each and every willful, reckless, gross negligent, intentional gross negligent, conspiratorial thus felonious violations, Plaintiffs are entitled to actual damages as the Court may allow pursuant to (42 U.S.C. §1985(3) and not limited to pursuant to (42 U.S.C. §1983), sought by the Plaintiffs of not less than Five Hundred Thousand $500,000.00 Dollars.

## SECOND CAUSE OF ACTION

## CONSPIRACY TO VIOLATE U.S. SAFE DRINKING WATER ACT, PURSUANT TO (42 U.S.C. §300h. [SDWA §1421]; (42 U.S.C. §300h-2. [SDWA §1423]; (42 U.S.C. §300h-6. [SDWA §1427]

## SOLE SOURCE AQUIFER

25. Plaintiffs hereby repeats, re-pleads, reallege, and incorporates by reference all of the above paragraphs of this Complaint as thought fully stated herein.

26. Plaintiffs asserts that they have in their possession Volume of evidentiary exhibits in support thereof all allegations, available at any time and prior to trial, or at discovery stage, for review by this court.

27. The foregoing acts of the Defendants constitute numerous and multiple willful, reckless, gross negligent, intentional gross negligent, conspiratorial thus felonious violations, pursuant to (42 U.S.C. §300h. [SDWA §1421]; (42 U.S.C. §300h-2. [SDWA §1423]; (42 U.S.C. §300h-6. [SDWA §1427].

28. As a result of each and every willful, reckless, gross negligent, intentional gross negligent, conspiratorial thus felonious violations, Plaintiffs are entitled to allowable damages pursuant to the statutes of Paragraph 27 and sought by Plaintiffs of not less than One Million $ 1,000,000.00 Dollars.

-7-

COMPLAINT

## THIRD CAUSE OF ACTION

## CONSPIRACY TO HINDER CIVIL ACTION AND FRAUDULENT CONCEALMENT OF FACTS,  VIOLATIONS PURSUANT TO (42 U.S.C. §300j-8. [SDWA §1449]

29. Plaintiffs hereby repeats, re-pleads, reallege, and incorporates by reference all of the above paragraphs of this Complaint as thought fully stated herein.

30. Plaintiffs asserts that they have in their possession Volume of evidentiary exhibits in support thereof all allegations, available at any time and prior to trial, or at discovery stage, for review by this court.

31. The foregoing acts of the Defendants constitute numerous and multiple willful, reckless, gross negligent, intentional gross negligent, conspiratorial thus felonious violations, pursuant to (42 U.S.C. §300j-8. [SDWA §1449].

32. As a result of each and every willful, reckless, gross negligent, intentional gross negligent, conspiratorial thus felonious violations, Plaintiffs are entitled to allowable damages pursuant to the statute of Paragraph 31 and sought by Plaintiffs of not less than One Million $ 1,000,000.00 Dollars.

## FOURTH CAUSE OF ACTION

## CONSPIRACY TO DEPRIVE AND TAKEAWAY LIFE, LIBERTY AND PROPERTY WITHOUT DUE PROCESS OF LAW, PURSUANT TO (42 U.S.C. §1986)

33. Plaintiffs hereby repeats, re-pleads, reallege, and incorporates by reference all of the above paragraphs of this Complaint as thought fully stated herein.

34. Plaintiffs asserts that they have in their possession Volume of evidentiary exhibits in support thereof all allegations, available at any time and prior to trial, or at discovery stage, for review by this court.

35. The foregoing acts of the Defendants constitute numerous and multiple willful, reckless, gross negligent, intentional gross negligent, conspiratorial thus felonious violations, pursuant to (42 U.S.C. §1986).  As a direct result of concealment of all facts, the Plaintiff has used that poisoned ground drinking water for a long time and are now near death, amounting to an attempted murder.

36. As a direct result of taking away Plaintiffs' liberty and property as to both real property and appurtenant to realty's property ten acre feet of allocated ground drinking water from the federal and/or from state aquifer, Plaintiffs has suffered massive health injuries and takings of real properties.

-8-

COMPLAINT

37. As a result of each and every willful, reckless, gross negligent, intentional gross negligent, conspiratorial thus felonious violations, Plaintiffs are entitled to allowable damages pursuant to the statute of Paragraph 35 and sought by Plaintiffs of not less than Two Million $ 2,000,000.00 Dollars.

## FIFTH CAUSE OF ACTION

**ECONOMIC AND NON-ECONOMIC DAMAGES DUE TO VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS, PURSUANT TO  (42 U.S.C. §1983);  (42 U.S.C. §1985(3));  (42 U.S.C.  §300h [SDWA §1421];  (42 U.S.C. §300h-2. [SDWA §1423];  (42 U.S.C.  §300h-6. [SDWA§1427];  (42 U.S.C. §300j-8.; [SDWA §1449];  (42 U.S.C. §1986)**

38. Plaintiffs hereby repeats, re-pleads, reallege, and incorporates by reference all of the above paragraphs of this Complaint as thought fully stated herein.

39. Plaintiffs asserts that they have in their possession Volume of evidentiary exhibits in support thereof all allegations, available at any time and prior to trial, or at discovery stage, for review by this court.

40. The foregoing acts of the Defendants constitute numerous and multiple willful, reckless, gross negligent, intentional gross negligent, conspiratorial thus felonious violations, pursuant to (42 U.S.C. §1983);  (42 U.S.C. §1985(3)); (42 U.S.C.  §300h [SDWA §1421];  (42 U.S.C. §300h-2. [SDWA §1423];(42 U.S.C.  §300h-6. [SDWA§1427];  (42 U.S.C. §300j-8.; [SDWA §1449];  (42 U.S.C. §1986).

41. As a result of each and every willful, reckless, gross negligent, intentional gross negligent, conspiratorial thus felonious violations, Plaintiffs has suffered massive economic damages, and no-economic damages, and are entitled, in the cumulative, and as an alternative to the foregoing First thru Fourth Cause of actions, to these allowable damages pursuant to (42 U.S.C. §1983);  (42 U.S.C. §1985(3)); (42 U.S.C.  §300h [SDWA §1421];  (42 U.S.C. §300h-2. [SDWA §1423];(42 U.S.C. §300h-6. [SDWA§1427];  (42 U.S.C. §300j-8.; [SDWA §1449];  (42 U.S.C. §1986), and sought by Plaintiffs of not less than Four Million and Five Hundred Thousand  $ **4,500,000.00** Dollars.

## PRIOR CASE DISCLOSURE

42. Plaintiffs has voluntarily withdraw themselves, as a Class Members, from a Class Action filed in the California Superior Court, County of San Bernardino, Case No. CIVDS1308429, on 02/02/2015, due to not believing that retained law firm will act for the best of the Class Members, and for other causes.

COMPLAINT

**DECLARATORY AND INJUNCTIVE RELIEF DEMANDED**

INTRODUCTION

43. Plaintiffs hereby repeats, re-pleads, reallege, and incorporates by reference all of the above paragraphs of this Complaint as thought fully stated herein.

44. Plaintiffs asserts that they have in their possession Volumes of evidentiary exhibits in support thereof all allegations, and not limited to all Volumes of evidentiary exhibits, (severely incriminating against the Defendants) in support thereof the demanded Injunctive and Declaratory Relief, available at any time and prior to trial, or at discovery stage, for review by this Court and particularly for review by Jury, in the upcoming Jury Trial, as demanded by Plaintiffs.

45. The ground drinking water and ground potable water, in the aquifer beneath the Plaintiffs' real property in Hinkley, CA 92347 was never safe to drink, and to use for all other intensive purposes, due to that was initially, since 1952 poisoned with Hexavalent Chromium by the Defendant PG&E's operations in Hinkley, CA 92347, and subsequently, since the discovery in June 2014, poisoned with the PG&E's byproducts Arsenic, from the PG&E's In-Situ and Agricultural treatment operations, poisoned way over the legal limits (1300 % over).

46. The ground drinking water and ground potable water, in the aquifers beneath all Victims from Hinkley, CA 92347 real property in Hinkley, CA 92347 was never safe to drink, and to use for all other intensive purposes, due to that was initially, since 1952 poisoned with Hexavalent Chromium by the Defendant PG&E's operations in Hinkley, CA 92347, and subsequently, since the discovery in June 2014, poisoned with the PG&E's byproducts Arsenic, by the PG&E's In-Situ and Agricultural treatment operations, way over the legal limits (as high as 14,000 % over).

47. The ground drinking water and ground potable water, in the aquifers beneath all of these real properties in Hinkley, CA 92347 was never safe to drink, and to use for all other intensive purposes, due to that was initially, since 1952 poisoned with Hexavalent Chromium by the Defendant PG&E's operations in Hinkley, CA 92347, and subsequently, since the conceded disclosure by ARCADIS Company, an engineering company that works for PG&E, finally confessed that based upon over 200 testing sites throughout Hinkley, CA 92347 the aquifers are poisoned with the PG&E's byproducts Uranium, by the PG&E's In-Situ and Agricultural

-10-

COMPLAINT

treatment operations, way over the legal limits (as high as 2,000 % over).

FACTS

48. Thereafter six decades of cover-up, conspiracy to cover-up, Defendant PG&E has caused their retained for many years company ARCADIS to concede and confect, via hundreds of pages report submitted to the State of California Lahontan Regional Water Quality Control Board, which finally disclosed, that via over 200 tests / testing sites, the aquifers beneath the town of Hinkley, CA 92347 are poisoned with the PG&E's byproduct Uranium, (hundred to thousand percent over legal limits) and that it was as a direct result thereof PG&E's remedial operations. (Most likely that disclosure occurred due to telephone conversation between ARCADIS representative and Nick Panchev: "can you finally concede, Nick Panchev asked, since your reputation is at huge stake, due to ARCADIS being very large engineering company, to report the true fact, poisoned aquifers beneath town of Hinkley, CA 92347 with Uranium and Arsenic, in addition to with Hexavalent Chromium". Nick further asserted: "I have many results from three State of California approved laboratories, confirming and re-confirming that fact, and just to let you know, my lawsuit against all of you is imminent". Response by the ARCADIS representative, "Nick, let me talk to PG&E's legal counsel and I will let you know". It did not took even a month, voila, the report surfaced in January 2016 on the Water Board's website. (However, to date, State of California Water Board's executive staff remained mute-deaf-blind on that issue, now at-issue of conspiracy and cover-up.)

49. Since July 2012, Nick Panchev undertook the task to take water samples from aquifers beneath the town of Hinkley, CA 92347, accessing the aquifers via domestic wells and turned the sampled water's bottles provided by there analytical state certified laboratories, to perform all testing for the PG&E's byproducts Arsenic and Uranium. All tests were positive, all aquifers were poisoned with Arsenic and Uranium, as high as 25,000 % over the legal limits for Arsenic and as high as 700% over the legal limits for Uranium. When Nick contacted Lisa Dernbach from the Water Board, she snapped on him, acting under the color of law, instead of taking the appropriate action. She was covering-up the massive poisoning of Hinkley's aquifers with PG&E's byproducts Arsenic and Uranium. Thereafter, all Victims from the town of Hinkley, CA 92347 decided to sue them all. Plaintiffs decided to evacuate themselves from their home in Hinkley , CA and moved to Arizona.

-11-

COMPLAINT

**Harmful effects of poisoned human body with the most primary and dangerous carcinogenic highly toxic chemicals and heavy metals Arsenic and Uranium.**

50. Arsenic can cause cancer. Uranium can cause cancer. Both toxic chemical can kill you, a fact.

51. For the past decade, many Victims from Hinkley, much more than Flint's poisoned folks and San Bruno burned folks, has died, wrongful dead. There was never any sympathy by any governmental officials about that fact, nor there was any decency exhibited. Not only those Plaintiffs in this Complaint, but all other Victims from Hinkley are in poverty, thus the environmental justice and injustice is nothing more than just a dog and pony show. The entire saga in regards to never cleaned Hexavalent Chromium from the Aquifers beneath the town of Hinkley, CA 92347 is another dog and pony show, and the actors are the Federal Government employee, Water Board's employees and local government employee, more specifically portrayed therein case No. 2:16-cv-00528-DMF, acting under the color of law, and in concert with PG&E's executives, laughing to the bank, at the expense of severely damaged Victims from Hinkley, CA including those Plaintiffs in this Complaint, Victims, as well. All other acting in concert with PG&E are all of those bribed by PG&E as well. Irrational news media propaganda has aided in shielding PG&E from investigation and prosecution.

52. All that conspiracy, cover-up and collusion was for money, in millions, paid by PG&E to the government's employees in exchange to shield corporate interest PG&E, a massive corruption.

### FACTS ABOUT URANIUM AND ARSENIC

53. There was never atomic bomb blown in Hinkley, CA 92347 and the purported stipulation by John Izbicki, a Federal government employee from USGS, stipulating being the cause for elevated concentration of Uranium in the ground drinking water within the Hinkley's aquifers. (A fiction and an insult to the human race). That was one of the bases to get money from PG&E under that disguise.

54. The Victims from Hinkley has noticed that all parties hired by PG&E to sample and test the Aquifers, are using filters called "the filtering fraud" to filter the sampled water prior to sending it to the laboratory. In fact, two filters used (Eviedentiary Exhibits available). There are no such filters attached to any pump in any water well in the World, nor in Hinkley, CA, and therefore sampling and testing of ground drinking water from aquifers, must be "as-is and where-is" to provide true results and not fraudulent results by use of such filters. (An ongoing fraudulent saga in Hinkley for decades).

-12-

COMPLAINT

**JURY TRIAL DEMANDED**

53. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demands, a trial by jury. This Court should not set aside the demanded trial by jury, in event of prejudicial motions for demurrers and striking of this complaint by the Defendants. Plaintiffs are entitled to amend their Complaint, by motions to amend.

54. In light of the forgoing, Plaintiffs request that this Court enter the following relief in this matter: Set this matter for trial by jury on a date certain,

**PRAYER FOR RELIEF**

Plaintiffs respectfully requests the Court grant Plaintiffs the following relief against Defendants:

1. Award Plaintiffs compensatory damages in the amount sought therein the First Cause of action;

2. Award Plaintiffs compensatory damages in the amount sought therein the Second Cause of action;

3. Award Plaintiffs compensatory damages in the amount sought therein the Third Cause of action;

4. Award Plaintiffs compensatory damages in the amount sought therein the Fourth Cause of action;

5. Award Plaintiffs compensatory damages in the amount sought therein the Fifth Cause of action;

6. Award Plaintiffs actual, and/or statutory and/or punitive damages as the Court may allow;

7. Award cost of litigation;

8. Award any other compensatory relief the Court may deem jus and proper;

9. Enjoining all Defendants from ongoing and future violations of laws and statutes, found therein the First, Second, Third, Fourth and Fifth Causes of Action.

10. Granting to Plaintiffs Declaratory and Injunctive Relief, restraining all Defendants from violating laws and statutes under the color of law, and cease and desist further conspiring, co-conspiring, concealing and covering-up facts and most importantly, enjoining all Defendants accepting bribe.

Dated: March 15, 2016

MArch 17, 2016

S.C

S.H.

Respectfully submitted,

_Shirley Holcroft_
Shirley Holcroft

_Sam V. Cabrera_
Sam V. Cabrera

-13-

COMPLAINT